IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RENATO REGALADO,<br><br>Plaintiff,<br><br>v.<br><br>FREEPORT MEMORIAL HOSPITAL,<br><br>Defendant. | Case No. 3:22-cv-50297<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Defendant Freeport Memorial Hospital brings a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2), (4), and (5). Dkt. 15. It argues that Plaintiff Renato Regalado did not properly serve it, and thus, the Court lacks personal jurisdiction over Freeport. *Id.* at 1, 5. Freeport makes two requests of the Court. First, it asks that the Court dismiss the case without prejudice. *Id.* at 5. Alternatively, it asks that, if the Court grants Mr. Regalado leave to attempt proper service again, Mr. Regalado be required to pay Freeport's reasonable attorneys' fees in preparing its motion to dismiss. *Id.*

For the following reasons, the Court dismisses Mr. Regalado's claims without prejudice and with one final opportunity to file an amended complaint and properly serve Freeport. The Court denies Freeport's requests for fees at this juncture.

1

## PROCEDURAL POSTURE

In July 2019, Mr. Regalado initiated civil rights proceedings in both the Illinois Department of Human Rights and the federal Equal Employment Opportunity Commission. Dkt. 2, at ¶ 1. The Illinois proceeding found its way to the Illinois Human Rights Commission, where Attorney Eileen Caver represented Freeport. *Id.* at ¶ 3.

In July 2022, the Commission granted Mr. Regalado's request to "withdraw his Complaint from their jurisdiction and re-file in federal court." *Id.* at ¶ 6.

On August 29, 2022, Mr. Regalado filed his complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, in federal court. *See* Dkts. 1, 2. In his affidavit of service, Mr. Regalado claims to have served Ms. Caver's legal assistant on September 16, 2022. Dkt. 5.

Then, on October 27, 2022, Mr. Regalado moved for a default judgment. Dkt. 6. He proports to have served the motion for default by emailing Ms. Caver. Dkt. 7. The Court denied Mr. Regalado's motions for default, and granted Mr. Regalado leave to refile a motion for default but asked Mr. Regalado to advise the Court as to why service of Ms. Caver was proper. Dkt. 8.

Mr. Regalado refiled a motion for default on December 6, 2022. Dkt. 9. In an accompanying affidavit, he explained that service on Ms. Caver was proper because "she has been counsel of record since the inception of this case with the Illinois Department of Human Rights" and, he claims, Ms. Caver agreed to change venue to federal court. Dkt. 9-1, at 1–2. The Court reviewed the motion and affidavit, and

2

cautioned Mr. Regalado that it was "not convinced that this is proper service under the Federal Rules." Dkt. 11 (citing Fed. R. Civ. P. 4(h)). It explained that the Court would "not consider, without more, the fact that Attorney Caver has in the past represented [Freeport], as sufficient for proper service under Rule 4(h)." *Id.* The Court, again, granted Mr. Regalado leave to refile his motion for default. *Id.* At that time, Ms. Caver had not entered an appearance in the federal matter. *See* Dkt. 14.

Mr. Regalado did not refile a motion for default. Rather, on January 4, 2023, his process server served a copy of the complaint and an unsigned summons without a seal on Tammy Pals, Freeport's Compliance Officer. Dkt. 13. On January 25, 2023, Ms. Caver entered her appearance in this proceeding, and filed the motion to dismiss now before the Court. Dkts. 14, 15.

## ANALYSIS

"[V]alid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Without personal jurisdiction, a court is powerless over the defendant. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Federal Rule of Civil Procedure 4 controls service of process in federal court. *See* Fed. R. Civ. P. 4. A plaintiff "must comply with the directives" of Rule 4 regardless of whether the defendant has "actual notice" of the lawsuit. *McMasters v. U.S.*, 260 F.3d 814, 817 (7th Cir. 2001) (citing Fed. R. Civ. P. 4).

Freeport, in its motion to dismiss, focuses on Rule 4(a) and Rule 4(m). Rule 4(a) requires that a summons "must" be both "signed by the clerk" and "bear the court's

3

seal." Fed. R. Civ. P. 4(a)(1)(F)-(G). A summons that is not signed and does not include a seal "does not confer personal jurisdiction over the defendant," and, upon motion, the suit should be dismissed. *Mathies v. Silver*, 266 Fed. Appx. 138, 140 (3d Cir. 2008). In those circumstances, "it is unnecessary for the district court to consider such questions as whether service was properly made, or whether an extension" of time to serve the defendant should be granted under Rule 4(m). *Id.* At the same time, the Court must balance the fact that, except in exigent circumstances, "courts freely allow amendments to service of process so as not to deny a plaintiff his day in court for failing to observe mere technicalities." *See* Fed. R. Civ. P. 4(a); *Richard v. Sun Electric Corp.*, No. 89 C 20152, 1990 U.S. Dist. LEXIS 3460, at *3 (N.D. Ill. Mar. 15, 1990).

In this case, the summons was indisputably unsigned and did not bear a seal. *See* Dkts. 13, at 2; 18, at ¶ 3 ("[C]ounsel does apologize for his oversight in failing to discover said deficiency prior to filing same.").

Mr. Regalado seeks to justify the improper summons on two fronts. Dkt. 18, at ¶ 11. He first blames the "Court's own form," because it lacks "a place for the Clerk to sign and/or seal same." *Id.* But Mr. Regalado simply did not follow the proper channels for executing his summons. The docket reflects that the summons was "not issued by the Federal Court." Dkt. 13. If Mr. Regalado submitted his summons to the Rockford Service Center Staff, it would have issued the summons with a seal and signature, and sent it back to Mr. Regalado.

He then seeks to blame the "circumstances" of this proceeding. Dkt. 18, at ¶ 11. He loosely makes a quasi-consent/waiver of service argument by explaining that,

4

according to Mr. Regalado, Freeport "personally[] agreed to remove" the Illinois proceeding "to [f]ederal [c]ourt when the request was first made before IHRC." *Id.* at ¶ 2. He claims they were "*mutually* in favor of proceeding in the present forum." *Id.*

These assertions teeter on the edge of misrepresentations. The Court reviewed the transcript of the hearing before the Illinois Human Rights Commission. Dkt. 15-2. The Commission explained that although it used the word "transfer" throughout the hearing, it did so in a lay sense of the word, not as a "term of art." *Id.* at 24–25. The Commission explained that it did not have the authority to "transfer" the case to federal court, and that the specific remedy requested was withdrawal. *Id.* All Ms. Caver agreed to was allowing Mr. Regalado to withdraw the claims before the Illinois Human Rights Commission. *Id.* at 24–25.

Mr. Regalado has failed to satisfy Rule 4(a). *See* Fed. R. Civ. P. 4(a). And because he has failed to do so, the Court need not address whether he satisfied Rule 4(m). *Mathies*, 266 Fed. Appx. at 140.

## CONCLUSION

For the foregoing reasons, the Court grants in part Freeport's motion to dismiss [15]. The case is dismissed without prejudice, and Mr. Regalado is granted **one final opportunity** to file and properly serve what will be his second amended complaint. The complaint must be filed by July 10, 2023. The Court declines to impose costs and fees at this juncture.

Date: June 7, 2023

_____
Honorable Iain D. Johnston
United States District Judge